IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID K. YOUNG CONSULTING, LLC, | ) ) ) | |
| Plaintiff, | ) ) | CV. NO. SA-13-CV-00149-DAE |
| vs. | ) ) | |
| CRAIG C. ARNOLD, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

On April 5, 2013, the Court heard the Motion to Remand filed by

Plaintiff David K. Young Consulting ("DKYC" or "Plaintiff") (doc. # 8).  William

H. Ford, Esq., and Veronica S. Wolfe, Esq., appeared at the hearing on behalf of

DKYC; Kyle C. Watson, Esq., and James E. Montgomery, Jr., Esq., appeared at

the hearing on behalf of Defendant Craig Arnold ("Arnold" or "Defendant").  After

reviewing the Motion and the supporting and opposing memoranda, the Court

**DENIES** Plaintiff's Motion to Remand.

## BACKGROUND

This lawsuit[1] arises from a soured business relationship between

_____

[1] And another before this Court, Cv. No. SA-13-CV-00146-DAE.

1

DKYC and Arnold.  Arnold was the founder of a company called Arnold & Company, LLC ("A&C"), which he sold to DKYC on March 27, 2012.  ("Compl.," Doc. # 1 Ex. 1 ¶¶ 11, 13.)  As part of the sale, DKYC hired Arnold to continue operations on its behalf and Arnold signed a Non-Competition Agreement. (Compl. ¶¶ 17, 18.)  The Non-Competition Agreement provides that for two years following his termination from DKYC, Arnold must refrain from engaging in business that competes directly or indirectly with DKYC in Michigan or Texas. (Id. ¶¶ 21, 22.)

On December 28, 2012, DKYC terminated Arnold's employment. (Id. ¶ 25.)  DKYC alleges that since that date, Arnold has breached the Non-Competition Agreement by "creating an entity that engages in a business that directly competes with DKYC in Michigan"; "soliciting DKYC's current clients in Michigan and Texas as a competitor"; and "soliciting new business from DKYC's clients in Michigan and Texas for his own business purposes."  (Id. ¶ 26.)

On January 2, 2013, Arnold filed a complaint in Michigan state court ("Arnold's Michigan suit"), asserting causes of action for breach of contract, conversion, claim and delivery, and seeking a declaratory judgment that the Non-Competition Agreement is unenforceable.  (Doc. # 5 Ex. 2 App. 5.)  On January 23, 2013, Arnold filed a complaint in Texas state court ("Arnold's Texas suit"),

asserting causes of action for breach of contract and breach of a promissory note and seeking a declaratory judgment.  (Doc. # 5 Ex. 4 App. 9.)  On January 28, 2013, DKYC filed a complaint in Texas state court ("DKYC's Texas suit"), seeking enforcement of the Non-Competition Agreement, a temporary restraining order, and a temporary and permanent injunction.  (Compl.)  That same day, the state court entered a Temporary Restraining Order and Order Setting Hearing for Temporary Injunction in DKYC's Texas suit.  (Doc. # 5 Ex. 5 App. 11.)

On February 6, 2013, Arnold filed a Plea in Abatement in DKYC's Texas suit, arguing that the court should abate or dismiss the case because the issues involved are identical to those presented in Arnold's Texas suit, which was filed first.  (Doc. # 5 Ex. 5 App. 13.)  On February 7, 2013, the court presiding over DKYC's Texas suit entered an Extended Temporary Restraining Order agreed upon by both parties.  (Doc. # 5 Ex. 5 App. 14.)  On February 22, 2013, the court entered an agreed Temporary Injunction in that case enjoining the parties from engaging in certain actions that would cause the other imminent and irreparable injury.  (Doc. # 5 Ex. 6 App. 16.)  On February 26, 2013, Arnold's attorney took the deposition of DKYC employee Joanne Haddad in Arnold's Texas suit.  (Doc. # 5 Ex. 6 App. 18, 20.)

On February 27, 2013, Arnold removed DKYC's Texas suit to this

Court (doc. # 1), filed a Notice of Nonsuit Without Prejudice in his Texas suit

(doc. # 5 Ex. 9 App. 22), and filed a complaint in this Court asserting causes of

action for breach of contract, breach of a promissory note, conversion, and seeking

a declaratory judgment regarding the enforceability of the Non-Competition

Agreement and the scope of the original agreement governing DKYC's purchase

of A&C (see Arnold & Co., LLC, et al. v. David K. Young Consulting, LLC, Cv.

No. SA-13-CV-00146-DAE, doc. # 1).  On March 5, 2013, Arnold filed a

Stipulated Order of Dismissal Without Prejudice in his Michigan suit.  (Doc. # 5

Ex. 9 App. 24.)

On March 13, 2013, DKYC filed a Motion to Remand to State Court,

Motion for Sanctions, and Request for Expedited Ruling.  (Doc. # 5.)  On March

19, 2013, Arnold filed a Response in Opposition.  (Doc. # 6.)  On March 21, 2013,

DKYC filed an Amended Motion to Remand ("Motion"), withdrawing its Motion

for Sanctions.  ("Mot.," Doc. # 8.)

## LEGAL STANDARD

I.   Motion to Remand

A defendant may remove a case from state to federal court if the case

could have been filed in federal court originally.  Caterpillar Inc. v. Williams, 482

U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)).  A removing defendant bears

the burden of establishing by a preponderance of the evidence that the federal court

has subject-matter jurisdiction.  De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th

Cir. 1995).  The removal statutes are to be construed "strictly against removal and

for remand."  Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir.

1996); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941)

(acknowledging "the Congressional purpose to restrict the jurisdiction of the

federal courts on removal" and the need for "strict construction of such

legislation").  A district court must remand a case if, at any time before final

judgment, it appears the court lacks subject-matter jurisdiction.  See 28

U.S.C. § 1447(c); Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 571

(2004); In re 1994 Exxon Chem. Fire, 558 F.3d 378, 392 (5th Cir. 2009).

A defendant may waive its right of removal by taking substantial

action in state court prior to removal.  See 14B Charles A. Wright, Arthur R. Miller

& Edward H. Cooper, Federal Practice and Procedure § 3721, p. 105 (4th ed.

2009).  However, "[a] waiver of the right to remove must be clear and unequivocal;

the right to removal is not lost by participating in state court proceedings short of

seeking an adjudication on the merits."  Tedford v. Warner-Lambert Co., 327 F.3d

423, 428 (5th Cir. 2003) (citing Beighley v. F.D.I.C., 868 F.2d 776, 782 (5th Cir.

1989)).

5

<u>DISCUSSION</u>

DKYC seeks remand on two grounds.  First, DKYC argues that remand is warranted because the Notice of Removal fails to properly allege Arnold's citizenship.  (Mot. at 6.)  Second, DKYC argues that Arnold has waived the right to remove by engaging in actions that "evidence a clear intent to invoke the state court's jurisdiction."  (<u>Id.</u> at 7.)  The Court will address each argument in turn.

I.     <u>Failure to Allege Citizenship</u>

Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) all civil actions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states, where the matter in controversy exceeds $75,000, exclusive of interests and costs.  <u>See</u> 28 U.S.C. §§ 1331, 1332(a).  Arnold asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  The Notice of Removal alleges that DKYC is a citizen of Texas and Arnold is a resident of Michigan and that there is thus complete diversity of citizenship between the parties.

DKYC claims that Arnold's failure to allege <u>citizenship</u> instead of <u>residency</u> renders the Notice of Removal deficient.  It is well-established that an allegation of residence is insufficient to establish diversity jurisdiction; the party

asserting federal jurisdiction must allege citizenship.  Kerney v. Fort Griffin
Fandangle Ass'n., Inc., 624 F.2d 717, 719 (5th Cir. 1980); see also Getty Oil
Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir.
1988) ("We have stated repeatedly that when jurisdiction depends on citizenship,
citizenship must be 'distinctly and affirmatively alleged.'") (quoting McGovern v.
American Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975)).  Arnold points out that
the Civil Cover Sheet filed with the Notice of Removal states that he is a citizen of
another state.  However, the Civil Cover Sheet also states that it neither "replace[s]
nor supplement[s] the filing and service of pleadings . . . except as provided by
local rules of court."  (Doc. # 1 Ex. 3.)  No local rule permits a party to allege
necessary elements of diversity jurisdiction on the Civil Cover Sheet.  See Local
Rule CV-3(a).  Arnold also argues that DKYC's statement in its Complaint that
Arnold is "an individual who is a non-resident in Texas and whose usual place of
business is located at 1145 W. Long Lake Road, Suite 301, Bloomfield Hills,
Michigan 48302" suffices to establish diversity jurisdiction.  (Doc. # 6 at 2
(quoting Compl. ¶ 2).)  The Court disagrees.  Citizenship must be "distinctly and
affirmatively alleged."  McGovern, 511 F.2d at 654 (quoting 2A Moore's Federal
Practice § 8.10); see also Getty Oil, 841 F.2d at 1259 ("[T]he basis upon which
jurisdiction depends must be alleged affirmatively and distinctly and cannot be

7

established . . . by mere inference.").

Thus, the Notice of Removal fails to properly allege the basis for diversity jurisdiction.  However, this Court has discretion to permit Arnold to cure the defect by filing an amended Notice of Removal.  <u>See</u> 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended . . . in the trial or appellate courts."); <u>Nadler v. Am. Motors Sales Corp.</u>, 764 F.2d 409, 413 (5th Cir. 1985). The Fifth Circuit has stated that "leave to amend [pursuant to § 1653] is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." <u>Jebaco, Inc. v. Harrah's Operating Co., Inc.</u>, 587 F.3d 314, 322 (5th Cir. 2009). Here, where it seems apparent that the parties are in fact citizens of different states, the Court concludes that Arnold should be permitted to amend the Notice of Removal to properly reflect his citizenship.  <u>See Milstead Supply Co. v. Cas. Ins. Co.</u>, 797 F. Supp. 569, 574 (W.D. Tex. 1992) (removing defendant allowed to amend its petition for removal where it had expressed, "albeit imperfectly, a general allegation of diversity jurisdiction").

II.     <u>Waiver of Right of Removal</u>

Next, DKYC argues that Arnold has waived his right of removal. DKYC points to four actions taken by Arnold that "demonstrate a clear intent to

8

seek affirmative relief and proceed in state court": (1) filing a petition in Texas

state court; (2) filing a Plea in Abatement; (3) deposing a witness; and (4)

obtaining a temporary injunction.  (Doc. # 8 at 6–7.)

There is no support for DKYC's argument that a defendant may waive

the right of removal by deposing a witness or obtaining a temporary injunction.  It

is well-established that waiver must be "clear and indicate a specific, positive

intent to proceed in state court."  Jacko v. Thorn Americas, Inc., 121 F. Supp. 2d

574, 576 (E.D. Tex. 2000); see also Tedford, 327 F.3d at 428 (waiver must be

"clear and unequivocal").  In order to determine whether a defendant's actions

indicate a clear and unequivocal intent to proceed in state court, courts have looked

to "whether the actions were taken by the defendant in state court for the purpose

of preserving the status quo, or [whether] they manifest[ed] an intent to litigate the

merits of the claim."  Jacko, 121 F. Supp. 2d at 576.  A temporary injunction is

designed to preserve the status quo; obtaining one does not demonstrate an

unequivocal intent to proceed in state court.  The deposition, on the other hand,

was certainly taken in anticipation of litigation.  However, deposing a witness is

equally consistent with an intent to proceed in federal court as it is with an intent to

proceed in state court.

Moreover, in order to waive the right of removal, a defendant must

take some action that amounts to "seeking an adjudication on the merits." Tedford, 327 F.3d 423. "[A]ctions which are preliminary and nonconclusive in character and which do not actually submit the merits of a claim for binding decision do not waive defendant's right to remove." Gore v. Stenson, 616 F. Supp. 895, 897 (S.D. Tex. 1984). Accordingly, the Fifth Circuit has found no waiver where a defendant moved to transfer venue, moved for entry of a confidentiality order, moved to consolidate, and filed special exceptions, because none of those actions "submitted the cause to adjudication on the merits." Tedford, 327 F.3d at 428. There is no question that deposing a witness or obtaining a temporary injunction does not amount to seeking an adjudication on the merits.

Arnold's Plea in Abatement ("Plea") is most akin to the type of action that may constitute a waiver of the right of removal. The Plea sought to abate DKYC's Texas suit because it arose from the same nucleus of operative facts as Arnold's first-filed Texas suit. (Doc. # 5 Ex. 5 App. 13.) However, had the Plea been granted, it would not have absolutely defeated DKYC's claims or disposed of them on the merits. Furthermore, Arnold did not proceed to a hearing on the Plea, choosing to remove the case to this Court before the date set for the hearing. See Jacko, 121 F. Supp. 2d at 576 (noting that "further intent [to proceed in state court] is manifested when the defendant attends the hearing and asks the state judge to

10

rule on the motion").

None of the cases cited by DKYC persuade the Court that Arnold's participation in the state court proceedings was sufficient to waive his right to removal.  In each case, the defendant engaged in more substantial or prolonged action than Arnold did here.  See Brown v. Demco Inc., 792 F.2d 478, 481 (5th Cir. 1986) (noting in dictum that defendant may have waived the right of removal by defending action in state court for four years, filing "answers, amended answers, motions of various kinds, third party demands, cross claims, amended cross claims, and participated in discovery and depositions"); Garcia v. SSP Partners, No. C-06-385, 2006 WL 2850066, at *6–7 (S.D. Tex. Oct. 3, 2006) (finding of waiver where the defendant filed motions to compel arbitration, transfer, and consolidate, and made representations regarding the suit's continuation in the state court at the consolidation hearing that the state court relied upon); Jacko, 121 F. Supp. 2d at 576–77 (waiver where defendant filed a motion for summary judgment and argued it at a hearing); Zbranek v. Hofheinz, 727 F. Supp. 324, 325 (E.D. Tex. 1989) (waiver where defendant sought an injunction, summary judgment and an order requiring plaintiffs to replead, and in any event removal was untimely).

Finally, the Court finds unpersuasive DKYC's argument that Arnold

waived his right to litigate this action in federal court by choosing to file his own lawsuit in Texas state court.  The action currently before this Court was not commenced in state court by Arnold; it was commenced by DKYC.  The fact that Arnold "first availed himself [of] the state court's jurisdiction" (doc. # 8 at 7) by filing a different suit does not indicate a specific, positive intent to proceed with this action in state court.  Furthermore, conduct in another case, however related the two cases may be, does not implicate the concerns underlying the waiver doctrine.  After all, waiver is meant to prevent a defendant from "using removal as an insurance policy against unfavorable treatment in state court."  Hingst v. Providian Nat'l Bank, 124 F. Supp. 2d 449, 452 (S.D. Tex. 2000) (citing Rosenthal v. Coates, 148 U.S. 142, 147 (1892) ("[A] defendant cannot . . . experiment on his case in the state court, and upon an adverse decision then transfer it to the federal court.")).  Accordingly, "[a] defendant's conduct in a prior lawsuit has no bearing on the removability of a later suit."  Hingst, 124 F. Supp. 2d at 452 (holding that defendant did not waive its right to removal by participating in a related lawsuit that previously existed in state court); Pittman v. Mem'l Herman Healthcare, 124 F. Supp. 2d 446, 449 (S.D. Tex. 2000) (holding that defendant did not waive removal by prosecuting an interpleader action involving the same parties and issues in state court).  The Court thus concludes that Arnold has taken no action

that would constitute a waiver of his right to removal.

<u>CONCLUSION</u>

For the foregoing reasons, the Court **ORDERS** that Defendant be permitted to amend the Notice of Removal to properly reflect his citizenship.  The Court **DENIES** Plaintiff's Motion to Remand and request for attorney's fees pursuant to 28 U.S.C. § 1447(c).  (Doc. # 8.)

IT IS SO ORDERED.

DATED: San Antonio, Texas, April 8, 2013.

_____
David Alan Ezra
Senior United States District Judge

13